51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert WILSON, Defendant-Appellant.
 No. 94-16102.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Wilson appeals the district court's denial of his petition for relief under 28 U.S.C. Sec. 2255. Wilson claims, first, that he was denied the effective assistance of counsel at his jury trial for weapons offenses and, second, that he was sentenced incorrectly. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review de novo both the district court's denial of section 2255 relief, United States v. Arellanes, 767 F.2d 1353, 1357 (9th Cir.1985), and the legal question whether a defendant received ineffective assistance of counsel, Smith v. Ylst, 826 F.2d 872, 875 (9th Cir.1987), cert. denied, 488 U.S. 829 (1988). To demonstrate ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that this prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
 
 
 4
 Wilson was indicted after a consensual search of a safe in his apartment revealed a cache of firearms he had purchased after being adjudicated "mentally defective" in 1971. He contends that his appointed counsel, Shari Kaufman, was ineffective because she did not meet him often enough before trial and she did not seek to have the weapons tested for fingerprints to buttress his claim that he had sold them before they were seized from his safe. He also makes much of Kaufman's inexperience and her inability at the evidentiary hearing to state how many pages of discovery she had received from the government or whether she had communicated a plea offer to Wilson. We note for the record that Wilson misrepresents testimony presented at the evidentiary hearing, and we reject his claims because there is no reasonable probability that, but for Kaufman's alleged errors, the result of his trial would have been different. See Strickland, 466 U.S. at 699. We decline to consider Wilson's Guidelines claim because he did not raise it on direct appeal. See United States v. Schlesinger, No. 94-15612, slip op. 2097, 2103 (9th Cir. Feb. 24, 1995) ("nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. Sec. 2255").
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3